THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH P. ODDO, Appellant. Memorandum: The defendant and two others were indicted separately for the same crime of rape in the first degree. Before the

commencement of a "Huntley" hearing, the District Attorney asked that the indictments be consolidated. Defendant's attorney objected and referred to confessions of the other defendants which "would prejudice my client." He called attention to the fact that his client had not confessed. The court denied defendant's motion. The defendant's attorney then called attention to the fact that because this defendant had not confessed he was not directly concerned with the *Huntley* hearing. Nevertheless, the court directed him to be present. Defendant's attorney then suggested that the court reserve decision on consolidation and on his application for a separate trial until after the *Huntley* hearing, but the Trial Judge denied that motion. The *Huntley* hearing was held, and the statements of the two codefendants were received in evidence. At this point, it was obvious that not only would the statements be highly prejudicial to the defendant but that they were in such form that redaction or deletion of passages referring to the defendant would have been difficult if not, in fact, impossible if any value as against their makers was to be preserved. The court found the statements to be voluntary and apparently did not reconsider or alter in any way its former denial of the defendant's motion for a separate trial. The statements were received in evidence at the trial and, while they somewhat implicated the makers, the main thrust was directed toward this defendant. The court gave the usual instruction that the jury should not consider the statements as evidence against anybody but the makers; in other words, that Oddo was not to be harmed by them. The defendant was so seriously prejudiced by all of this that he is entitled to a new trial. We are well aware of the rule that if redaction or deletion cannot be had without destroying the entire sense of such statements or their value to the prosecution, they may be received with instructions of the court, such as were given in the present case. However, we believe that this is a typical case for the application of the rule in *People* v. *La Belle* (18 N Y 2d 405). There was no necessity for proceeding in the manner employed in this case. There was no surprise as to the contents of the statements and their harmful effect on this defendant. The court was well aware of all of this before finally granting the motion to consolidate and denying defendant's motion for a separate trial. Justice should have prompted the granting of the latter motion before the trial started. The defendant is entitled to a separate trial at which statements of the other defendants will not be produced or used against him. (Appeal from judgment of Erie County Court convicting defendant of rape, first degree, and assault, second degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.